## T. J. FLUTY, ET AL. v. P. A. B. NORTON.

**Mistake in Deed.**

> Where conveyance of real estate is made to a person about twelve years before he incurs a debt and about seventeen years before his death and twenty-four years before his widow sets up a claim to the land in order to defeat her husband's creditor claiming that by mistake the conveyance was made to her husband instead of to her, she must by reason of the great lapse of time in asserting her claim, be able to clearly prove her claim to defeat the creditor.

### APPEAL FROM ESTILL CIRCUIT COURT.

March 12, 1885.

OPINION BY JUDGE LEWIS:

The land which the court below adjudged not subject to the satisfaction of appellant's debt against the estate of James H. Norton, deceased, was by deed duly recorded, conveyed to him, about twelve years before the creation of the debt, about seventeen years before his death, and about twenty-four years before appellee, P. A. B. Norton, his widow, filed her answer in this action alleging the deed was by mistake made to her husband, and was intended and should have been made to her.

The land appears to have been purchased by her father and all but a small part of the consideration paid by him. But in view of the great length of time that elapsed from the date of the deed until appellee set up claim to the land, seven years of which period she was a feme sole, the evidence is not by any means sufficient to show that the deed was by mistake made to her husband instead of herself. She testifies that her father intended the deed to be made by his vendor to her and is corroborated by the person from whom her father purchased. But the latter does not explain why he united in the deed, as he did do, to the husband instead of to her. Be-

sides appellee testifies distinctly that the father of appellant directed the deed to be made to the husband and that the latter paid a portion of the purchase price. Appellees testimony is not contradicted, nor necessarily in conflict with other evidence in the case.

In our opinion therefore, even if the claim of appellant could in any view prevail against a creditor of her husband, she has failed to sustain it by sufficient evidence and the court erred in judging the land not subject to appellee's debt. The judgment must be reversed and cause remanded for further proceedings consistent with this opinion.

Judgment *reversed.*

*I. N. Cardwell, for appellant.*